UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
UNITED STATES OF AMERICA,      :
                               :
     Plaintiff,                :
                               :
v.                             :     Civil No. 3:06CV01580(AWT)
                               :
HENRY W. LOTOCKI II,           :
                               :
     Defendant.                :
------------------------------x

**RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this action, the government seeks to recover from defendant Henry Lotocki II ("Lotocki") both the principal amount and interest owed on defaulted student loans, and it has moved for summary judgment. For the reasons set forth below, the government's motion is being granted.

I.   **Factual Background**

The government has produced evidence that on or about March 15, 1984, April 13, 1984, September 25, 1984, and December 30, 1985, Lotocki executed promissory notes that evidenced loans of $1,840, $660, $1,840, and $2,500, respectively, from The Bank Mart, Bridgeport, Connecticut, which loans bear interest at the rate of 9.00% interest per annum. These loans were guaranteed by the Connecticut Student Loan Foundation and reinsured by the Department of Education. Lotocki defaulted on June 10, 1987. As a result of this default, the guaranty agency paid $7,143.56 to

the holder of the promissory notes, and the Department of Education reimbursed the guarantor. Although the guaranty agency charged Lotocki interest, it was unable to collect the full amount due. The guarantor assigned the loans to the Department of Education on January 22, 2003. The Department of Education has received no payments from Lotocki. As of July 18, 2006, the defendant owed $7,143.56 in principal and $9,614.03 in interest.

The government has also produced evidence that on or about November 27, 1981, the defendant executed a promissory note that evidenced a loan in the amount of $2,500 from City Savings Bank, which loan bears interest at the rate of 9.00% per annum. This loan was guaranteed by the Connecticut Student Loan Foundation and reinsured by the Department of Education. The defendant defaulted on the loan obligation on June 10, 1987. The guarantor paid $2,610.98 to the holder of the note and was then reimbursed by the Department of Education. The guarantor attempted to collect the debt from Lotocki but was unable to collect the entire amount. On January 22, 2003, the guarantor assigned the loan to the Department of Education, which has received no payments. As of July 18, 2006, the defendant owed $2,610.98 in principal and $3,514.11 in interest.

II. **Legal Standard**

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact

to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). When ruling on a motion for summary judgment, the court may not try issues of fact, but must leave those issues to the jury. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Board of Fire Commissioners, 834 F.2d 54, 58 (2d Cir. 1987). Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. Only those facts that must be decided

in order to resolve a claim or defense will prevent summary judgment from being granted. Immaterial or minor facts will not prevent summary judgment. See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)). However, the inferences drawn in favor of the nonmovant must be supported by the evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. Stern v. Trustees of Columbia University, 131 F.3d 305, 315 (2d Cir. 1997) (quoting Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant. Anderson, 477 U.S. at 252.

Because the defendant in this case is proceeding pro se, the court must read the defendant's pleadings and other memoranda liberally and construe them in a manner most favorable to the defendant. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.

1994). Moreover, because the process of summary judgment is "not obvious to a layman," Vital v. Interfaith Medical Ctr., 168 F.3d 615, 620 (2d Cir. 1999), the district court must ensure that a pro se party understands the nature, consequences and obligations of summary judgment. See id. at 620-621. Thus, the district court may itself notify the pro se party as to the nature of summary judgment; the court may find that the opposing party's memoranda in support of summary judgment provide adequate notice; or the court may determine, based on thorough review of the record, that the pro se party understands the nature of summary judgment. See id. After reviewing the record, the court concludes that the defendant understands the nature, consequences and obligations of summary judgment. First, the government served and filed a notice to pro se litigant (Doc. No. 11) pursuant to Local Rule 56(b), which detailed what the defendant was required to do in terms of making arguments and submitting documentation to defeat the motion for summary judgment. The government's notice also included a copy of the applicable Local Rule and Federal Rule of Civil Procedure. Second, the defendant's submission indicates that he understands summary judgment, but simply does not have evidence to withstand it.

## III. Discussion

The government has produced uncontested evidence demonstrating that the defendant was the borrower of certain

federally insured loans and that the defendant defaulted on those loans. While the defendant states in his answer that "[t]hey do not truthfully reflect the real amounts owed or the 9% stated rate," (Answer, Doc. No. 3, at 1) he has produced no evidence to support such a contention. The defendant also states that "[t]he laws which pertain to the repayment and interest of the original notes are obscure and the amounts requested have not been verified." Id. at 2. The defendant's argument seems to be based, in part, on disagreement with the interest rate. It is not clear whether the defendant's contention is (1) that the 9% interest per annum was calculated improperly or (2) that the 9% rate is somehow in violation of Connecticut law. However, as the government argues, Conn. Gen. Stat. § 36a-805 is inapplicable because it does not concern accrual of interest. Moreover, the defendant has produced no evidence of an erroneous calculation of interest or of the applicability of a different interest rate. Accordingly, the defendant has not created a genuine issue of material fact as to the amount of interest that is owing.

The defendant argues that the statute of limitations precludes recovery. However, as the government correctly argues, 20 U.S.C. § 1091a(a) eliminates any statute of limitations which would operate to prevent the collection of debt on federally insured student loans. A prior statute of limitations pertaining to suit after an assignment was eliminated in 1991, and there is

no issue relating to retroactivity in this case. See U.S. v. Distefano, 279 F.3d 1241, 1244 (10th Cir. 2002) (assignment made after the elimination of the statute of limitations went into effect).

The defendant also states in his answer that "the transfer[e]nce of collection to the [guarantor] was made without making any attempt to collect from the original guarantor of the original loan and this failure does not allow for furthe[r] transfer[e]nce." (Answer, at 2). The government responds (1) that the lender was obligated only to follow the note's stated conditions, and the lender did so, and (2) that the guarantor had satisfied its obligation to attempt to collect the debt from the defendant. The court notes that the government has not produced detailed evidence as to the collection activities performed by either the lender or the guarantor, e.g. to demonstrate that the guarantor complied with the requirements of 34 C.F.R. 682.410(b)(6). A statement that "[t]he guarantor attempted to collect the debt from the borrower" (Complaint, at Ex. A, B) does not demonstrate that the guarantor complied with each requirement set forth in 34 C.F.R. 682.410(b)(6), although it constitutes evidence of at least some effort to collect the debt. Notwithstanding any potential deficiency, the weight of authority supports the conclusion that the lender or guarantor's failure to comply with the collection provisions in the Code of Federal

7

Regulations does not preclude the entry of summary judgment in favor of the government.  See U.S. v. Singer, 943 F.Supp. 9, 12 (D. D.C. 1996), aff'd in part, rev'd in part on other grounds, 132 F.3d 1482 (D.C. Cir. 1997) (rejecting defendant's asserted defense that lender's failure to comply with the statutory due diligence requirements provided a basis to avoid his debt); U.S. v. Dwelley, 59 F.Supp.2d 115, 119 (D. Me. 1999) (concluding that "Defendant may not defeat Plaintiff's claim based on asserted lack of due diligence").  Similarly, in U.S. v. Lewis, No. 01-2006-JWL, 2001 WL 789224, at *3 (D. Kan. June 29, 2001), where the defendant asserted that the initial lending institutions did not exercise due diligence before tendering their claims to the United States, the court nonetheless granted summary judgment in favor of the government.  In that case, the government argued that "any alleged lack of due diligence does not create a private right of action in favor of [borrower]", and the court noted that "the majority of courts that have addressed this issue have so concluded."  Id.  But see U.S. v. Rhodes, 788 F.Supp. 339, 343 (E.D. Mich. 1992) (where government stated that the lender had pursued collection but did not "produce any evidence of the lender's collection efforts, defendant must prevail on its summary judgment motion").  This court finds persuasive the majority position that the statutory due diligence requirements exist for the benefit of the government, and do not give the

borrower the right to void his debt. Accordingly, any failure by the lender or the guarantor to comply with the collection provisions in the Code of Federal Regulations does not provide the defendant a defense to the government's claim.

**IV. Conclusion**

For the reasons set forth above, the Government's Motion for Summary Judgment (Doc. No. 4) is hereby GRANTED. The Clerk shall enter judgment in favor of the plaintiff in the amount of $22,882.68, plus interest on the principal amount of $9,754.54 at the rate of 9.00% per annum from July 18, 2006 to the date of judgment.

The Clerk shall close this case.

It is so ordered.

Dated this 18th day of August 2007 at Hartford, Connecticut.

                                            /s/AWT
                                   Alvin W. Thompson
                            United States District Judge